UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DIGITAL MENTOR, INC.,

    Plaintiff,

v.

OVIVO USA, LLC; OVIVO US HOLDING INC.; VALERE MORISSETTE; MARC BARBEAU; and DOES 1 to 20,

    Defendants.

Case No. C17-1935-RAJ

ORDER

This matter comes before the Court on Plaintiff Digital Mentor, Inc.'s Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction. Dkt. # 11. Federal Rule of Civil Procedure 65(b) states that the Court may issue a temporary restraining order without notice to the adverse party only if: "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certified in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b). Plaintiff files its Motion ex parte under the premise that it will suffer irreparable harm if the Court does not issue the temporary restraining order without notice to Defendants.

Pursuant to Local Rule 65, "[m]otions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will

ORDER – 1

rarely be granted." Local Rule 65(b)(5) further states that the adverse party must file its response, if any, within forty-eight hours after the motion is served. Plaintiff includes proof of service of its Motion and supporting documents to Defendants and Defendants' counsel. Dkt. # 11 Ex. 21. As Defendants received notice of Plaintiff's Motion and filed a Notice of Intent to oppose it, Plaintiff is simply requesting that the Court rule on its Motion without giving Defendants an opportunity to respond. Dkt. # 13. Plaintiff makes no convincing argument that it will suffer irreparable harm by the addition of the short time allowed to Defendants to file a response to its Motion before a ruling is issued. After review of the submitted Motion and supporting documents, the Court finds that Plaintiff does not meet the requirements of Federal Rule of Civil Procedure 65(b). The parties are referred to Local Rule 65 and Federal Rule of Civil Procedure 65 for further instruction.

DATED this 18th day of January, 2018.

The Honorable Richard A. Jones
United States District Judge

ORDER – 2