HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DIGITAL MENTOR, INC.,

    Plaintiff,

v.

OVIVO USA, LLC; OVIVO US HOLDING INC.; VALERE MORISSETTE; MARC BARBEAU; DOES 1-20,

    Defendants.

Case No. C17-1935-RAJ

ORDER

This matter comes before the Court on Plaintiff Digital Mentor, Inc.'s ("Digital") Motion for Temporary Restraining Order and Preliminary Injunction and Motion for Expedited Discovery. Dkt. # 11. For the reasons that follow, the Court **GRANTS** Plaintiff's Motion for Temporary Restraining Order and **DENIES** Plaintiff's Motion for Expedited Discovery.

**I.    BACKGROUND**

Digital is an engineering consulting service with its principal place of business in Incline Village, Nevada. Digital is registered to do business in the state of Washington. Dkt. # 1 ¶ 1. Digital developed a mobile computing system, DigitalMentor, for the waste and wastewater industry to allow companies to monitor and maintain their equipment on

ORDER – 1

mobile devices. *Id*. Defendant Ovivo USA, LLC provides equipment for water and wastewater treatment facilities throughout the United States and around the world. *Id*. ¶ 2. Defendant Ovivo US Holding Inc. is a Delaware corporation that owns Ovivo USA, LLC. Defendant Ovivo, Inc., is a Canadian corporation that owns Ovivo US Holding Inc. *Id*. ¶ 3. Defendant Valere Morissette is Vice President of Ovivo USA, LLC. *Id*. ¶ 6. Defendant Marc Barbeau is President of Ovivo USA, LLC, and President and CEO of Ovivo, Inc. *Id*. ¶ 7.

In March of 2014, Digital marketed DigitalMentor to Defendants for use in their facilities and in conjunction with the sale of their equipment. The parties then entered into a licensing agreement. Pursuant to that licensing agreement, Digital agreed to create and license DigitalMentor for Defendants' facilities and customers under the name "digitalOPS" and Defendants granted Digital a non-exclusive limited license to Defendants' Standard Operating Procedures ("SOP"), manuals, technical drawings, etc. Dkt. # 11-1 at 10; Dkt. # 23 at 5. On or about November 1, 2014, Digital and Ovivo entered into a Non-Disclosure Agreement ("NDA"). Digital claims that, while under these contracts, Defendants copied DigitalMentor and created a "pirated" version of this product called, WaterExpert.

On December 29, 2017, Digital filed a Complaint against Defendants seeking injunctive relief, alleging that Defendants violated the Defend Trade Secrets Act, 18 U.S.C. 1836, *et seq*. ("DTSA"), the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. 1961, *et seq*., and committed trademark and copyright infringement. Digital also brings a breach of contract claim and several other state law claims.

## II. DISCUSSION

A temporary restraining order is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat.*

ORDER – 2

*Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).[1] To obtain a temporary restraining order, Digital must show that (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in its favor, and (4) an injunction is in the public interest. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009).

The Court finds that Digital demonstrated a likelihood of success on its breach of contract claim.[2] The parties entered into a Master Agreement in conjunction with the NDA. The NDA states that information that Digital revealed to Defendants regarding DigitalMentor is confidential and that Defendants are not to copy the software disclosed by Digital to Defendants under the terms of the agreement. Dkt. # 11 Ex. A. Digital contends that Defendants used their access to DigitalMentor pursuant to the Master Agreement to steal Digital's technology in violation of the NDA. Defendants do not dispute that there was a contract between the parties, only that the development of WaterExpert does not violate the contract. Defendants argue that they did not breach the NDA because any information used by them was not confidential because Digital was "extensively" marketing DigitalMentor, or was their intellectual property to use based on the terms of the Master Agreement.

Based on the information available on the record at this time, Defendants' arguments are not convincing. Demonstrating and marketing a product does not immediately make the underlying technology of that product publicly available and free from the designation of confidential or proprietary. Defendants' claim that similarities between WaterExpert and DigitalMentor are merely a result of similar subject matter is

---

[1] The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *New Motor Vehicle Bd. of California v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 (1977).

[2] As the Court need only find likelihood of success on one claim to grant a temporary restraining order, Digital's remaining claims will not be analyzed at this time. *See League of Wilderness Defs./Blue Mountains Biodiversity Project v. Connaughton*, 752 F.3d 755, 760 (9th Cir. 2014).

ORDER – 3

similarly unconvincing. Digital's claim alleges similarities beyond the utility of both mobile computing systems in the water and wastewater treatment industries. Dkt. # 11-1 at 18.

Digital will also suffer irreparable harm if its motion for a temporary restraining order is not granted. Digital is a small software engineering startup that developed DigitalMentor through personal labor, financial investment and development of expertise in the industry. Digital argues that Defendants' dominant position in the water and wastewater treatment industry has the potential to push Digital out of the market and has already substantially negatively impacted Digital's revenue and sales. In the absence of a temporary restraining order, the future of Digital as a company might be in danger.

Considering Defendants' competitive advantage over Digital, the balance of equities tips in Digital's favor. A temporary restraining order would preserve the status quo until the preliminary injunction hearing is held. Further, granting the temporary restraining order would be in the public interest. There is a public interest in upholding NDA's, protecting intellectual property, and discouraging unfair business practices. Accordingly, the Court **GRANTS** Digital's Motion for a Temporary Restraining Order. Dkt. # 11.

The Court **ORDERS that each properly served Defendant** and their officers, agents, servants, employees and attorneys, and all those acting in concert or participating with them, are restrained and enjoined from engaging in, committing or performing, either directly or indirectly, any and all of the following:

1. Using, disclosing, reproducing, summarizing, distributing, reverse engineering, decompiling and/or disassembling Digital Mentor's confidential trade information, trade secrets and/or copyrights;

2. Marketing, selling, using, offering for sale or otherwise distributing its product known as WaterExpert and any other products, applications, databases or systems designed and developed using Digital Mentor's intellectual property, confidential information, trade secrets and/or copyrights;

ORDER – 4

3. Using any WaterExpert systems, platforms, products, applications or devices that have already been distributed by Ovivo.

4. Destroying, concealing, altering, removing, altering, erasing, transferring or deleting any and all documents, records or writings evidencing transactions, communications or activities of or, in any way, related to the theft and infringement of Digital Mentor's intellectual property and/or confidential information

This temporary restraining order is granted on a nationwide basis. The Court declines to authorize a civil seizure of copies of WaterExpert and mobile devices containing WaterExpert, and declines to Order deactivation of mobile applications for or relating to WaterExpert, as it would be premature at this stage in the proceedings. **The parties are instructed to submit a preliminary injunction briefing schedule to the Court within two days of the issuance of this order. The Court sets a preliminary injunction hearing at 10:00 a.m. on Monday, February 12, 2018.** The Court reserves the matter of whether a bond must be posted until this hearing.

The Court **DENIES with leave to refile,** Digital's Motion for Expedited Discovery. Dkt. # 11. A party may seek expedited discovery prior to a Rule 26(f) conference for good cause. *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009). When considering whether good cause exists, courts consider "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Id*. at 1067. Digital requests written discovery that will include nineteen (19) Requests for Admissions, twenty-seven (27) Requests for Document Production, and thirty-three (33) Special Interrogatories. Additionally, Digital requests that the Court authorize depositions of ten (10) current and former employees of Defendants, and issue subpoenas to compel the attendance of two witnesses at the evidentiary hearing for preliminary injunction. The breadth of these discovery requests as currently requested are not "narrow and targeted" and would be extremely burdensome

ORDER – 5

on Defendants within the requested timeframe. However, considering Digital's contention that expedited discovery is necessary to allow them to prepare for the next stage in these proceedings, the possibility of spoliation and destruction of evidence, and Digital's desire to determine the extent of and to mitigate its alleged injuries, the Court will allow Digital to attempt to cure the above deficiencies and refile its motion for expedited discovery.

DATED this 24th day of January, 2018.

The Honorable Richard A. Jones
United States District Judge

ORDER – 6