THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DIGITAL MENTOR, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>OVIVO USA, LLC, a Delaware corporation; OVIVO US HOLDING INC., a Delaware corporation; VALERE MORISSETTE, an individual; and DOES 1 to 20,<br><br>Defendants. | Case No. 2:17-CV-01935-RAJ<br><br>**STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER** |

1. <u>PURPOSES AND LIMITATIONS:</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

Stipulated Protective Order - 1
Case No. 2:17-cv-01935-RAJ

**ERIC M. FONG**
**(State Bar No. 26030)**
**FONG LAW, PLLC**
569 Division St Ste A
Port Orchard, WA 98366
Telephone:(360) 876-8205

**LAWRENCE P. RAMIREZ**
**LINDA KENY**
**RYAN NEWNAN**
**THE LITIGATION LAW GROUP**
(*pro hac vice*)
111 North Market Street, Suite 1010
San Jose, CA 95113
Telephone: (408) 971-1119

2. **"CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS' EYES ONLY" MATERIAL:**

2.1 "Confidential" material shall include documents and tangible things produced or otherwise exchanged, or any portion thereof, which a Party reasonably believes is or contains confidential or proprietary business, commercial, research, personnel, process, product, or financial information of the producing Party that does not fall within the CONFIDENTIAL – ATTORNEYS' EYES ONLY designation (described below), and the disclosure of which to persons not qualified under this Order the producing Party reasonably and in good faith believes would likely cause harm. A designation by a Party of confidential material shall constitute a representation to the Court that such a Party believes in good faith that the information constitutes CONFIDENTIAL material. The Parties shall make a good faith effort to designate information only as needed. A Party designating information as CONFIDENTIAL shall mark each page of the Document containing such material as "CONFIDENTIAL."

2.2 "Confidential – Attorneys' Eyes Only" material shall include the following documents and tangible things produced or otherwise exchanged, and/or portions thereof: (1) sensitive technical information, including current research, development and manufacturing information; (2) sensitive business information, including highly sensitive financial or marketing information; (3) competitive technical information, including technical analyses or comparisons of competitor's products or services; (4) competitive business information, including non-public financial and marketing analyses, media scheduling, comparisons of competitor's products or services, and strategic product/service expansion plans; (5) personal health or medical information; (6) credit,

ERIC M. FONG
(State Bar No. 26030)
FONG LAW, PLLC
569 Division St Ste A
Port Orchard, WA 98366
Telephone:(360) 876-8205

LAWRENCE P. RAMIREZ
LINDA KENY
RYAN NEWNAN
THE LITIGATION LAW GROUP
(*pro hac vice*)
111 North Market Street, Suite 1010
San Jose, CA 95113
Telephone: (408) 971-1119

banking or other financial information; or (7) negotiation strategies and proposals; (8) commercial agreements between Ovivo USA and other entities; (9) customer lists and information; (10) proprietary software or systems; (11) proprietary edits or customizations to software (12) proprietary process and product information; (13) personnel files; or (14) any other commercially sensitive information (including without limitation information or data relating to strategic plans, data received from a non-party pursuant to a non-disclosure agreement, commercial agreements, settlement negotiations, and settlement agreements) the disclosure of which to non-qualified persons subject to this Order the Producing Party reasonably and in good faith believes would likely cause harm.

3.    SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1    Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

ERIC M. FONG
(State Bar No. 26030)
FONG LAW, PLLC
569 Division St Ste A
Port Orchard, WA 98366
Telephone:(360) 876-8205

LAWRENCE P. RAMIREZ
LINDA KENY
RYAN NEWNAN
THE LITIGATION LAW GROUP
(pro hac vice)
111 North Market Street, Suite 1010
San Jose, CA 95113
Telephone: (408) 971-1119

4.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a)     the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless the document or material produced is for Attorney's Eyes Only and is so designated;

(c)     experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court, court personnel, and court reporters and their staff;

(e)     copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

Stipulated Protective Order - 4
Case No. 2:17-cv-01935-RAJ

**ERIC M. FONG**
**(State Bar No. 26030)**
**FONG LAW, PLLC**
569 Division St Ste A
Port Orchard, WA 98366
Telephone:(360) 876-8205

**LAWRENCE P. RAMIREZ**
**LINDA KENY**
**RYAN NEWNAN**
**THE LITIGATION LAW GROUP**
***(pro hac vice)***
111 North Market Street, Suite 1010
San Jose, CA 95113
Telephone: (408) 971-1119

4.3    Disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any highly confidential material only to:

(a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    the court, court personnel, and court reporters and their staff;

(d)    copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(e)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(f)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3    Filing Confidential and Confidential-Attorneys' Eyes Only Material. Before filing Confidential or Confidential-Attorneys' Eyes Only material or discussing or referencing such

ERIC M. FONG
(State Bar No. 26030)
FONG LAW, PLLC
569 Division St Ste A
Port Orchard, WA 98366
Telephone:(360) 876-8205

LAWRENCE P. RAMIREZ
LINDA KENY
RYAN NEWNAN
THE LITIGATION LAW GROUP
(pro hac vice)
111 North Market Street, Suite 1010
San Jose, CA 95113
Telephone: (408) 971-1119

material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5.    DESIGNATING PROTECTED MATERIAL

    5.1    Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to

Stipulated Protective Order - 6
Case No. 2:17-cv-01935-RAJ

ERIC M. FONG
(State Bar No. 26030)
FONG LAW, PLLC
569 Division St Ste A
Port Orchard, WA 98366
Telephone:(360) 876-8205

LAWRENCE P. RAMIREZ
LINDA KENY
RYAN NEWNAN
THE LITIGATION LAW GROUP
(*pro hac vice*)
111 North Market Street, Suite 1010
San Jose, CA 95113
Telephone: (408) 971-1119

1 unnecessarily encumber or delay the case development process or to impose unnecessary expenses

2 and burdens on other parties) expose the designating party to sanctions.

3 If it comes to a designating party's attention that information or items that it designated for

4 protection do not qualify for protection, the designating party must promptly notify all other parties

5 that it is withdrawing the mistaken designation.

6 5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this

7 agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or

8 ordered, disclosure or discovery material that qualifies for protection under this agreement must

9 be clearly so designated before or when the material is disclosed or produced.

10 (a) <u>Information in documentary form:</u> (*e.g.*, paper or electronic documents and

11 deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings),

12 the designating party must affix the word "CONFIDENTIAL" or "CONFIDENTIAL –

13 ATTORNEYS' EYES ONLY" to each page that contains such sensitive material. If only a portion

14 or portions of the material on a page qualifies for protection, the producing party also must clearly

15 identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

16 (b) <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties

17 and any participating non-parties must identify on the record, during the deposition or other pretrial

18 proceeding, all protected testimony, without prejudice to their right to so designate other testimony

19 after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the

20 transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or

21 exhibits thereto, as Confidential or Confidential – Attorneys' eyes Only.  If a party or non-party

22 desires to protect such sensitive information at trial, the issue should be addressed during the pre-

23 trial conference.

24

25

26 Stipulated Protective Order - 7
Case No. 2:17-cv-01935-RAJ

ERIC M. FONG
(State Bar No. 26030)
FONG LAW, PLLC
569 Division St Ste A
Port Orchard, WA 98366
Telephone:(360) 876-8205

LAWRENCE P. RAMIREZ
LINDA KENY
RYAN NEWNAN
THE LITIGATION LAW GROUP
(*pro hac vice*)
111 North Market Street, Suite 1010
San Jose, CA 95113
Telephone: (408) 971-1119

(c)    <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1    <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding designations without court involvement. Any motion regarding designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

Stipulated Protective Order - 8
Case No. 2:17-cv-01935-RAJ

ERIC M. FONG
(State Bar No. 26030)
FONG LAW, PLLC
569 Division St Ste A
Port Orchard, WA 98366
Telephone:(360) 876-8205

LAWRENCE P. RAMIREZ
LINDA KENY
RYAN NEWNAN
THE LITIGATION LAW GROUP
(*pro hac vice*)
111 North Market Street, Suite 1010
San Jose, CA 95113
Telephone: (408) 971-1119

6.3 <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.  <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose material may be affected.

8.  <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the

Stipulated Protective Order - 9
Case No. 2:17-cv-01935-RAJ

ERIC M. FONG
(State Bar No. 26030)
FONG LAW, PLLC
569 Division St Ste A
Port Orchard, WA 98366
Telephone:(360) 876-8205

LAWRENCE P. RAMIREZ
LINDA KENY
RYAN NEWNAN
THE LITIGATION LAW GROUP
(*pro hac vice*)
111 North Market Street, Suite 1010
San Jose, CA 95113
Telephone: (408) 971-1119

1  person or persons to whom unauthorized disclosures were made of all the terms of this agreement,
2  and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be
3  Bound" that is attached hereto as Exhibit A.

4  9.      INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
5  MATERIAL

6        When a producing party gives notice to receiving parties that certain inadvertently
7  produced material is subject to a claim of privilege or other protection, the obligations of the
8  receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision
9  is not intended to modify whatever procedure may be established in an e-discovery order or
10  agreement that provides for production without prior privilege review. The parties   agree to the
11  entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

12  10.     TERMINATION AND RETURN OF DOCUMENTS

13        Within 60 days after the termination of this action, including all appeals, each receiving
14  party must return all confidential material to the producing party, including all copies, extracts and
15  summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.
16        Notwithstanding this provision, counsel are entitled to retain one archival copy of all
17  documents filed with the court, trial, deposition, and hearing transcripts, correspondence,
18  deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work
19  product, even if such materials contain confidential material.

20  11.     EVIDENTIARY EFFECT

21  The fact that a party has designated information as "CONFIDENTIAL" or "CONFIDENTIAL –
22  ATTORNEYS EYES ONLY" shall have no evidentiary effect in this action and may not be
23  commented upon by any party for any purpose before the jury except to advise that the information
24  is designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY".

25
26  Stipulated Protective Order - 10
    Case No. 2:17-cv-01935-RAJ

ERIC M. FONG
(State Bar No. 26030)
FONG LAW, PLLC
569 Division St Ste A
Port Orchard, WA 98366
Telephone:(360) 876-8205

LAWRENCE P. RAMIREZ
LINDA KENY
RYAN NEWNAN
THE LITIGATION LAW GROUP
(*pro hac vice*)
111 North Market Street, Suite 1010
San Jose, CA 95113
Telephone: (408) 971-1119

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: January 30, 2019

By: *s/s Eric M. Fong* _____
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: (206) 622-1711
Fong Law, PLLC
569 Division Street, Ste A
Port Orchard, WA 98366-4600
eric@ericfonglaw.com
Telephone (360) 876-8205

By: /s/ Troy Greenfield _____
Troy Greenfield, WSBA #21578
Email: tgreenfield@schwabe.com
Jason A. Wrubleski *(Pro Hac Vice)*
Email: jwrubleski@schwabe.com
Schwabe, Williamson & Wyatt
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone: (503) 222-9981

Lawrence P. Ramirez (Pro Hac Vice)
Email: lpramirez@thellg.com
Linda Keny (Pro Hac Vice)
Email: lindakeny@thellg.com
Ryan Newnan (Pro Hac Vice)
Email: ryannewnan@thellg.com
The Litigation Law Group
111 N. Market Street, Ste 1010
San Jose, CA 95113
Telephone: (408) 971-1119
Attorneys for Plaintiff, Digital Mentor

Gretchen N. Miller *(Pro Hac Vice)*
Email: millerg@gtlaw.com
Herbert H. Finn *(Pro Hac Vice)*
Email: finnh@gtlaw.com
Symone D. Shinton *(Pro Hac Vice)*
Email: shintons@gtlaw.com
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
Telephone (312) 456-6583
Attorneys for Defendants

ERIC M. FONG
(State Bar No. 26030)
FONG LAW, PLLC
569 Division St Ste A
Port Orchard, WA 98366
Telephone:(360) 876-8205

LAWRENCE P. RAMIREZ
LINDA KENY
RYAN NEWNAN
THE LITIGATION LAW GROUP
(*pro hac vice*)
111 North Market Street, Suite 1010
San Jose, CA 95113
Telephone: (408) 971-1119

## ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.


DATED:_____


_____
[Name of Judge]
United States District Court Judge

[Proposed] Order Re: Stipulated
Protective Order
Case No. 2:17-cv-01935-RAJ

ERIC M. FONG
(State Bar No. 26030)
FONG LAW, PLLC
569 Division St Ste A
Port Orchard, WA 98366
Telephone:(360) 876-8205

LAWRENCE P. RAMIREZ
LINDA KENY
RYAN NEWNAN
THE LITIGATION LAW GROUP
(pro hac vice)
111 North Market Street, Suite 1010
San Jose, CA 95113
Telephone: (408) 971-1119

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Western District of Washington on [date] in the

case of _____ **[insert formal name of the case and the number and initials**

**assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

Exhibit A to Stipulated Protective Order
Case No. 2:17-cv-01935-RAJ

**ERIC M. FONG**
**(State Bar No. 26030)**
**FONG LAW, PLLC**
569 Division St Ste A
Port Orchard, WA 98366
Telephone:(360) 876-8205

**LAWRENCE P. RAMIREZ**
**LINDA KENY**
**RYAN NEWNAN**
**THE LITIGATION LAW GROUP**
(**pro hac vice**)
111 North Market Street, Suite 1010
San Jose, CA 95113
Telephone: (408) 971-1119

<u>**CERTIFICATE OF SERVICE:**</u>

CASE NAME:     DIGITAL MENTOR, INC. vs. OVIVO USA, LLC, et al.

CASE NUMBER:   US DISTRICT COURT - WESTERN DISTRICT OF WASHINGTON

Case No.: 2:17-cv-01935-RAJ

I hereby certify that on the 30th day of January 2019, I caused to be served the document below on the following parties at the following addresses:

- **STIPULATED PROTECTIVE ORDER**

on the following person(s) in this action:

Gretchen N. Miller (Pro Hac Vice)
Herbert H. Finn (Pro Hac Vice)
Symone D. Shinton (Pro Hac Vice)
Greenberg Traurig LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
Email: millerg@gtlaw.com
         finnh@gtlaw.com
         shintons@gtlaw.com

Jason A. Wrubleski (Pro Hac Vice)          Troy Greenfield
Schwabe, Williamson & Wyatt                Schwabe, Williamson & Wyatt
1211 SW 5th Ave. Ste 1900             1420 5th Avenue, Ste 3400
Portland Oregon, 97204                     Seattle, WA 98101
jwrubleski@schwabe.com                     tgreenfield@schwabe.com

*Attorneys for Defendants*

- VIA electronic service through US District Court Western District of Washington's Electronic Case Filing System ("ECF").

s/Linda Keny_____

Linda Keny

Certificate of Service
Case No. 2:17-cv-01935-RAJ

ERIC M. FONG
(State Bar No. 26030)
FONG LAW, PLLC
569 Division St Ste A
Port Orchard, WA 98366
Telephone:(360) 876-8205

LAWRENCE P. RAMIREZ
LINDA KENY
RYAN NEWNAN
THE LITIGATION LAW GROUP
(*pro hac vice*)
111 North Market Street, Suite 1010
San Jose, CA 95113
Telephone: (408) 971-1119