THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

DIGITAL MENTOR, INC., a Delaware corporation,

        Plaintiff,

   vs.

OVIVO USA, LLC, a Delaware Corporation and DOES 1 to 20,

        Defendants.

CASE NO: 2:17-CV-01935-RAJ

STIPULATED PROTECTIVE ORDER

1.   <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

ERIC M. FONG
(State Bar No. 26030)
FONG LAW, PLLC
569 Division St Ste A
Port Orchard, WA 98366
Telephone:(360) 876-8205

LAWRENCE P. RAMIREZ
LINDA KENY
RYAN NEWNAN
THE LITIGATION LAW GROUP
(*pro hac vice*)
111 North Market Street, Suite 1010
San Jose, CA 95113
Telephone: (408) 971-1119

2.     "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS' EYES ONLY" MATERIAL

2.1 "Confidential" material shall include documents and tangible things produced or otherwise exchanged, or any portion thereof, which a Party reasonably believes is or contains confidential or proprietary business, commercial, research, personnel, process, product, or financial information of the producing Party that does not fall within the CONFIDENTIAL – ATTORNEYS' EYES ONLY designation (described below), and the disclosure of which to persons not qualified under this Order the producing Party reasonably and in good faith believes would likely cause harm. A designation by a Party of confidential material shall constitute a representation to the Court that such a Party believes in good faith that the information constitutes CONFIDENTIAL material. The Parties shall make a good faith effort to designate information only as needed. A Party designating information as CONFIDENTIAL shall mark each page of the Document containing such material as "CONFIDENTIAL."

2.2 "Confidential – Attorneys' Eyes Only" material shall include the following documents and tangible things produced or otherwise exchanged, and/or portions thereof: (1) sensitive technical information, including current research, development and manufacturing information; (2) sensitive business information, including highly sensitive financial or marketing information; (3) competitive technical information, including technical analyses or comparisons of competitor's products or services; (4) competitive business information, including non-public financial and marketing analyses, media scheduling, comparisons of competitor's products or services, and strategic product/service expansion plans; (5) personal health or medical information; (6) credit, banking or other financial information; or (7) negotiation strategies and proposals; (8) commercial agreements between Ovivo USA and other entities; (9) customer lists and information; (10) proprietary software or systems; (11) proprietary edits or customizations to software (12) proprietary process and product information; (13) personnel files; or (14) any other commercially sensitive information (including

Stipulated Protective Order - 2
Case No. 2:17-cv-01935-RAJ

ERIC M. FONG
(State Bar No. 26030)
FONG LAW, PLLC
569 Division St Ste A
Port Orchard, WA 98366
Telephone:(360) 876-8205

LAWRENCE P. RAMIREZ
LINDA KENY
RYAN NEWNAN
THE LITIGATION LAW GROUP
(pro hac vice)
111 North Market Street, Suite 1010
San Jose, CA 95113
Telephone: (408) 971-1119

without limitation information or data relating to strategic plans, data received from a non-party pursuant to a non-disclosure agreement, commercial agreements, settlement negotiations, and settlement agreements) the disclosure of which to non-qualified persons subject to this Order the Producing Party reasonably and in good faith believes would likely cause harm.

3.    SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1    Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2    Disclosure of "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation and who have signed

ERIC M. FONG
(State Bar No. 26030)
FONG LAW, PLLC
569 Division St Ste A
Port Orchard, WA 98366
Telephone:(360) 876-8205

LAWRENCE P. RAMIREZ
LINDA KENY
RYAN NEWNAN
THE LITIGATION LAW GROUP
(pro hac vice)
111 North Market Street, Suite 1010
San Jose, CA 95113
Telephone: (408) 971-1119

1    the "Acknowledgement and Agreement to Be Bound"(Exhibit A) unless the document or material

2    produced is for Attorney's Eyes Only and is so designated;

3            (c)     experts and consultants to whom disclosure is reasonably necessary for this

4    litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

5            (d)     the court, court personnel, and court reporters and their staff;

6            (e)     copy or imaging services retained by counsel to assist in the duplication of

7    confidential material, provided that counsel for the party retaining the copy or imaging service

8    instructs the service not to disclose any confidential material to third parties and to immediately

9    return all originals and copies of any confidential material;

10           (f)     during their depositions, witnesses in the action to whom disclosure is

11   reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

12   (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of

13   transcribed deposition testimony or exhibits to depositions that reveal confidential material must

14   be separately bound by the court reporter and may not be disclosed to anyone except as permitted

     under this agreement;

15           (g)     the author or recipient of a document containing the information or a

16   custodian or other person who otherwise possessed or knew the information.

17       4.3     <u>Filing Confidential Material</u>. Before filing confidential material or discussing or

18   referencing such material in court filings, the filing party shall confer with the designating party,

19   in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will

20   remove the confidential designation, whether the document can be redacted, or whether a motion

21   to seal or stipulation and proposed order is warranted. During the meet and confer process, the

22   designating party must identify the basis for sealing the specific confidential information at issue,

23   and the filing party shall include this basis in its motion to seal, along with any objection to sealing

24   the information at issue.  Local Civil Rule 5(g) sets forth the procedures that must be followed

25   and the standards that will be applied when a party seeks permission from the court to file material

ERIC M. FONG
(State Bar No. 26030)
FONG LAW, PLLC
569 Division St Ste A
Port Orchard, WA 98366
Telephone:(360) 876-8205

LAWRENCE P. RAMIREZ
LINDA KENY
RYAN NEWNAN
THE LITIGATION LAW GROUP
(pro hac vice)
111 North Market Street, Suite 1010
San Jose, CA 95113
Telephone: (408) 971-1119

under seal.  A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5.    DESIGNATING PROTECTED MATERIAL

     5.1    Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

     Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

     If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

     5.2    Manner and Timing of Designations. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

     (a)    Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" or "CONFIDENTIAL –

ERIC M. FONG
(State Bar No. 26030)
FONG LAW, PLLC
569 Division St Ste A
Port Orchard, WA 98366
Telephone:(360) 876-8205

LAWRENCE P. RAMIREZ
LINDA KENY
RYAN NEWNAN
THE LITIGATION LAW GROUP
(*pro hac vice*)
111 North Market Street, Suite 1010
San Jose, CA 95113
Telephone: (408) 971-1119

ATTORNEYS' EYES ONLY" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)     <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as Confidential or Confidential – Attorney's Eyes Only.  If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c)     <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNYES' EYES ONLY If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1     <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

ERIC M. FONG
(State Bar No. 26030)
FONG LAW, PLLC
569 Division St Ste A
Port Orchard, WA 98366
Telephone:(360) 876-8205

LAWRENCE P. RAMIREZ
LINDA KENY
RYAN NEWNAN
THE LITIGATION LAW GROUP
(*pro hac vice*)
111 North Market Street, Suite 1010
San Jose, CA 95113
Telephone: (408) 971-1119

burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3    <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or CONFIDENTIAL – ATTORNEYS' EYES ONLY," that party must:

(a)    promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is

ERIC M. FONG
(State Bar No. 26030)
FONG LAW, PLLC
569 Division St Ste A
Port Orchard, WA 98366
Telephone:(360) 876-8205

LAWRENCE P. RAMIREZ
LINDA KENY
RYAN NEWNAN
THE LITIGATION LAW GROUP
(*pro hac vice*)
111 North Market Street, Suite 1010
San Jose, CA 95113
Telephone: (408) 971-1119

subject to this agreement. Such notification shall include a copy of this agreement; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties   agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10.     NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

ERIC M. FONG
(State Bar No. 26030)
FONG LAW, PLLC
569 Division St Ste A
Port Orchard, WA 98366
Telephone:(360) 876-8205

LAWRENCE P. RAMIREZ
LINDA KENY
RYAN NEWNAN
THE LITIGATION LAW GROUP
(pro hac vice)
111 North Market Street, Suite 1010
San Jose, CA 95113
Telephone: (408) 971-1119

deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

11.   <u>EVIDENTIARY EFFECT</u>

The fact that a party has designated information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" shall have no evidentiary effect in this action and may not be commented upon by any party for any purpose before the jury except to advise that the information is designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY". The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

///

///

///

///

///

///

///

///

///

///

///

///

///

ERIC M. FONG
(State Bar No. 26030)
FONG LAW, PLLC
569 Division St Ste A
Port Orchard, WA 98366
Telephone:(360) 876-8205

LAWRENCE P. RAMIREZ
LINDA KENY
RYAN NEWNAN
THE LITIGATION LAW GROUP
(pro hac vice)
111 North Market Street, Suite 1010
San Jose, CA 95113
Telephone: (408) 971-1119

1          IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2     DATED: February 20, 2019

3     By: /s/ Eric M. Fong                        By: /s/ Troy Greenfield
      Fong Law, PLLC                              Schwabe, Williamson & Wyatt, P.C.
4     569 Division St, Ste A                      1420 5th Avenue, Suite 3400
      Port Orchard, WA 98366                      Seattle, WA 98101-4010
5     Telephone: (360) 876-8205                   Telephone: (206) 622-1711
      E-Mail: eric@ericfonglaw.com                Email: tgreenfield@schwabe.com
6
7     Lawrence P. Ramirez (Pro Hac Vice)          Gretchen N. Miller (Pro Hac Vice)
      Linda Keny (Pro Hac Vice)                   Herbert H. Finn (Pro Hac Vice)
8     Ryan Newnan (Pro Hac Vice)                  Symone D. Shinton (Pro Hac Vice)
      The Litigation Law Group                    Greenberg Traurig LLP
9     111 N. Market St. Ste 1010                  77 West Wacker Drive, Suite 3100
      San Jose CA. 95113                          Chicago, IL 60601
10    Telephone (408) 971-1119                    Telephone: (312) 456-8400

11

12    Email: lpramirez@thellg.com                 Email: millerg@gtlaw.com
             lindakeny@thellg.com                         finnh@gtlaw.com
13           ryannewnan@thellg.com                        shintons@gtlaw.com

14    Attorneys for Plaintiff

15                                                 Jason A. Wrubleski (Pro Hac Vice)
                                                   Schwabe,Williamson & Wyatt, P.C.
16                                                 1211 SW 5th Ave, Suite 1900
                                                   Portland, OR 97204
17                                                 Telephone: (503) 222-9981
                                                   Email: jwrubleski@schwabe.com
18
                                                   Attorneys for Defendant
19

20

21

22

23

24

25

Stipulated Protective Order - 10
Case No. 2:17-cv-01935-RAJ

ERIC M. FONG
(State Bar No. 26030)
FONG LAW, PLLC
569 Division St Ste A
Port Orchard, WA 98366
Telephone:(360) 876-8205

LAWRENCE P. RAMIREZ
LINDA KENY
RYAN NEWNAN
THE LITIGATION LAW GROUP
(pro hac vice)
111 North Market Street, Suite 1010
San Jose, CA 95113
Telephone: (408) 971-1119

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## **ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED:  February 26, 2019

_____

The Honorable Richard A. Jones
United States District Judge

Stipulated Protective Order - 11
Case No. 2:17-cv-01935-RAJ

**ERIC M. FONG**
**(State Bar No. 26030)**
**FONG LAW, PLLC**
569 Division St Ste A
Port Orchard, WA 98366
Telephone:(360) 876-8205

**LAWRENCE P. RAMIREZ**
**LINDA KENY**
**RYAN NEWNAN**
**THE LITIGATION LAW GROUP**
(***pro hac vice***)
111 North Market Street, Suite 1010
San Jose, CA 95113
Telephone: (408) 971-1119

1

EXHIBIT A

2

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3

I, _____ [print or type full name], of

4

_____ [print or type full address], declare under penalty of

5

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

6

issued by the United States District Court for the Western District of Washington on February 26,

7

2019, in the case of Digital Mentor, Inc. v. Ovivo USA, LLC, et al., Case No. 2:17-cv-01935-

8

RAJ. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order

9

and I understand and acknowledge that failure to so comply could expose me to sanctions and

10

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

11

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

12

I further agree to submit to the jurisdiction of the United States District Court for the

13

Western District of Washington for the purpose of enforcing the terms of this Stipulated

14

Protective Order, even if such enforcement proceedings occur after termination of this action.

15

Date: _____

16

City and State where sworn and signed: _____

17

Printed name: _____

18

Signature: _____

19

20

21

22

23

24

25

Stipulated Protective Order - 12
Case No. 2:17-cv-01935-RAJ

ERIC M. FONG
(State Bar No. 26030)
FONG LAW, PLLC
569 Division St Ste A
Port Orchard, WA 98366
Telephone:(360) 876-8205

LAWRENCE P. RAMIREZ
LINDA KENY
RYAN NEWNAN
THE LITIGATION LAW GROUP
(pro hac vice)
111 North Market Street, Suite 1010
San Jose, CA 95113
Telephone: (408) 971-1119