HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DIGITAL MENTOR, INC., a Delaware corporation,

    Plaintiff,

v.

OVIVO USA, LLC, a Delaware corporation,

    Defendant.

Case No. 2:17-CV-01935-RAJ

**ORDER STRIKING MOTION TO SEAL**

This matter is before the Court on Defendant's motion to seal. Dkt. # 121. For the reasons below the Court **STRIKES** the motion.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178. (internal quotation marks omitted).

Additionally, in the Western District of Washington, parties moving to seal documents must comply with the procedures established by Civil Local Rule 5(g). Pursuant to Local Rule 5(g), the party who designates a document confidential must

ORDER – 1

provide a "specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interest that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not sufficient." W.D. Wash. Local Rules LCR 5(g)(3)(B). Furthermore, where the parties have entered into a litigation agreement or stipulated protective order governing the exchange of documents in discovery, a party wishing to file a confidential document it obtained from another party in discovery may file a motion to seal but need not satisfy subpart (3)(B). Instead, the party who designated the document confidential must satisfy subpart (3)(B) in its response to the motion to seal or in a stipulated motion. *Id*.

The documents for sealing were designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by Plaintiff Digital Mentor, Inc. ("DMI") pursuant to the parties' Stipulated Protective Order (Dkt. 109). As Defendant indicates in its motion, "DMI is expected to provide the basis for filing under seal in response to this Motion to Seal." Dkt. # 121. No such basis for sealing has been provided by DMI. Accordingly, the Court STRIKES the motion for seal for failure to comply with Local Rule 5(g).

For the reasons stated above, the Court **STRIKES** the motion. Dkt. # 121.

DATED this 30th day of January, 2020.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 2