HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DIGITAL MENTOR, INC., a Delaware corporation,

    Plaintiff,

v.

OVIVO USA, LLC, a Delaware corporation,

    Defendant.

Case No. 2:17-cv-01935-RAJ

**ORDER**

## I.    INTRODUCTION

This matter is before the Court on Defendant Ovivo USA, LLC's ("Ovivo") motion to compel. Dkt. # 118. The Court will also address Plaintiff Digital Mentor, Inc.'s ("DMI") motion for leave to file a second amended complaint. Dkt. # 126. For the reasons below the Court **GRANTS in part and DENIES in part** Ovivo's motion to compel and **GRANTS** DMI's motion for leave to amend.

## II.    BACKGROUND

This discovery dispute stems from William Chastain's consulting role with DMI. DMI claims that Chastain was its "functional employee" and so his communications with DMI are subject to attorney-client privilege or work product protection. Dkt. # 120. Chastain was purportedly involved in the negotiation, discussion and execution of the pertinent contracts and agreements at issue with Ovivo and was a direct conduit of DMI in

ORDER – 1

the events leading up to this litigation. *Id.* He joined DMI as an advisor in or about December 2014 and "spent several months, and over a hundred hours with [DMI]'s three founders, Nancy Heuman, Scott Wenger and Howard Brewen, and [DMI's] developers, learning about the water and waste water industry, and their unique technological breakthrough product." Dkt. # 43. During the DMI-Ovivo negotiations, Chastain claims to have played a role in the execution of a non-disclosure agreement between the parties. *Id.* He was never paid for his role and was never employed by DMI. *Id.*

Ovivo takes the position that Chastain does not qualify as a "functional employee" and moves to compel DMI to produce all documents relating to Chastain, including correspondence between Chastain, DMI and/or its counsel; even documents identified DMI's privilege log. Dkt. # 120. Ovivo also seeks to prohibit DMI from relying upon any documentation including or relating to Chastain and any testimony from, or referring to, Chastain during hearings or trial. *Id.* Finally, Ovivo seeks reasonable fees and expenses in bringing this Motion. *Id.*

### III. LEGAL STANDARD

#### A. Motion to Compel

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). If requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). The party that resists discovery has the burden to show why the discovery request should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

//

ORDER – 2

## IV. DISCUSSION

### A. "Functional Employee" analysis

The Ninth Circuit's most relevant precedent, *United States v. Graf*, 610 F.3d 1148 (9th Cir. 2010), did not set out a "functional employee" test, nor did it list factors to consider in performing the analysis. However, as one district court indicates, "the dispositive question is the consultant's relationship to the company and whether by virtue of that relationship [s]he possesses information about the company that would assist the company's attorneys in rendering legal advice." *U.S. ex rel. Strom v. Scios, Inc*., No. C05-3004 CRB JSC, 2011 WL 4831193, at *4 (N.D. Cal. Oct. 12, 2011). This Court agrees. *See Graf*, 610 F.3d at 1158 (considering whether consultant was the primary agent who communicated with counsel); *In re Bieter*, 16 F.3d 929, 937-38 (8th Cir. 1994) (finding individual who attended meetings with counsel and received communications from attorneys to be "functional employee"). When answered in the affirmative, the consultant is "in all relevant respects the functional equivalent of an employee" and communications between corporate counsel and the consultant may be covered under attorney-client privilege. *Id.* at 938.

On the record presented, DMI has not shown that Chastain's involvement meets this criterion. There is no documentation of Chastain's duties vis-à-vis DMI or its corporate counsel, nor does the record demonstrate that Chastain had specialized knowledge such that counsel would rely on him to facilitate legal advice for the company. *See Planned Parenthood Federation of Am. v. Center for Medical Progress*, Case No. 16-cv-00236-WHO (DMR), 2019 WL 1950381 (N.D. Cal. May 1, 2019) (concluding that conclusory declarations were insufficient to find individual was "functional employee"); *MediaTek Inc. v. Freescale Semiconductor, Inc.*, Case No. 4:11–cv–05341 YGR (JSC), 2013 WL 5594474 (N.D. Cal. Oct. 10, 2013); *Genentech, Inc. v. Trustees of the University of Pennsylvania*, No. 10–2037, 2011 WL 5079531, at *2 (N.D. Cal. Oct. 24, 2011). There is also little to indicate that communications between Chastain and DMI's counsel were

ORDER – 3

primarily of a legal, as opposed to a business, nature. *Id.* at *3. Having found that DMI has not met its burden, the Court **GRANTS** Ovivo's motion to the extent documents are only being withheld on this basis of privilege. Having found the "functional employee" requirements not met, the Court will not analyze Ovivo's claims of waiver.

**B. Spoliation**

Ovivo seeks preclusion sanctions against DMI, claiming Chastain destroyed relevant documents. DMI has stated that Chastain "does not keep any emails and/or documentation as he has been a victim of corporate theft and hacking incidents in the past." Dkt. # 120 at 3 n. 1.

Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation. *United States v. Kitsap Physicians Svs*., 314 F.3d 995, 1001 (9th Cir. 2002). There are two sources of authority under which a district court can sanction a party who has despoiled evidence: the inherent power of federal courts to levy sanctions in response to abusive litigation practices, and the availability of sanctions under Rule 37 against a party who fails to obey an order to provide or permit discovery. *Leon v. IDX Systems Corp*., 464 F.3d 951, 958-61 (9th Cir. 2006); Fed. R. Civ. P. 37(b)(2)(C).

The Court cannot impose sanctions based on Ovivo's allegations under Rule 37. Sanctions under Rule 37 are allowed only against a party that disobeys a court issued discovery order. However, the court's inherent authority to impose sanctions for the wrongful destruction of evidence includes the power to exclude evidence that, given the spoliation, would "unfairly prejudice an opposing party." *Unigard Sec. Ins. Co. v. Lakewod Eng'g & Mfg. Co*., 982 F.2d 363, 368 (9th Cir. 1992). Although Chastain's purported email practices seem particularly dubious, the Court agrees with DMI that Ovivo's request for preclusion sanctions is premature. Ovivo has not presented any evidence in support of its spoliation theory other than Chastain's failure to produce documents in response to its subpoena. *See FMC Technologies, Inc. v. Edwards*, No. C05-

ORDER – 4

946C, 2007 WL 1725098 (W.D. Wash. 2007) (allegations regarding delay in discovery production did not rise to the level of "spoliation"). Without evidence about what was purportedly destroyed, when it occurred, what extent DMI had any involvement, and any resulting prejudice, preclusion sanctions are inappropriate. The Court also declines to award attorney's fees related to this motion.

### C. Leave to Amend

On March 4, 2019, the Supreme Court ruled in *Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881 (2019), that the Ninth Circuit's approach of allowing plaintiffs to file copyright causes of action upon filing of the application of the copyrights ("application approach") was no longer valid. The Supreme Court ruled that the copyrights had to be "registered" ("registration approach") by the Copyright Office. *Id*.

Since DMI's copyright filings had not yet been approved or registered, it voluntarily dismissed its copyright infringement claim after *Fourth Estate*. However, since then, certain of DMI's copyrights have been approved and registered by the Copyright Office. DMI now seeks to reassert its cause of action for copyright infringement against Ovivo. DMI claims that Ovivo will not be prejudiced because it has had full knowledge of the allegations since December 2017. DMI is also willing to extend the discovery deadline should more time be needed for additional fact-finding.

Having considered Ovivo's objections, the Court **GRANTS** leave to amend. The Court finds that DMI acted in good faith in dismissing the copyright claim based on the *Fourth Estate* opinion and sought to amend the complaint upon timely confirming that its copyrights had been registered. Additionally, the amended discovery cut-off is now several months away and DMI has agreed to extend discovery should additional time be needed to prevent prejudice. *Solomon v. North Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (affirming the district court's denial of motion to amend pleadings filed on the eve of the discovery deadline). Given the foregoing, and the liberal policy of favoring amendments to pleadings, the Court concludes leave to amend is appropriate.

ORDER – 5

## V. CONCLUSION

For the reasons above, the Court **GRANTS in part and DENIES in part** Ovivo's motion to compel and **GRANTS** DMI's motion for leave to amend. DKt. ## 118, 126.

DATED this 4th day of February, 2020.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 6